## UNITED STATES DISTRICT COURT

### DISTRICT OF MINNESOTA

| | |
|---|---|
| KENT DAVID OLSON, | Civil No. 04-4322 (RHK) |
| | Crim. No. 99-371 (RHK) |
| Petitioner-Appellant, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee. | |

### INTRODUCTION

In April 2000, a jury found Petitioner guilty of two federal bank robbery offenses. He was sentenced to 168 months in federal prison, and he is presently serving his sentence at the United States Penitentiary in Florence, Colorado. After Petitioner's conviction was upheld on direct appeal, he filed a motion seeking relief under 28 U.S.C. § 2255. Petitioner's § 2255 motion was denied on July 27, 2005. On August 26, 2005, Petitioner filed a "Notice of Appeal," which the Clerk of Court construed to be both a notice of appeal and an application for a Certificate of Appealability, ("COA"). (Docket Nos. 95 and 96.) Petitioner has also filed a separate "Petition For Issuance Of Certificate Of Appealability." (Docket No. 97.) For the reasons discussed below, the Court finds that Petitioner is not entitled to a COA in this matter.

### DISCUSSION

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot

grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is seeking appellate review of a sentence enhancement issue. Petitioner contends that he should not have been sentenced as a "career offender" because he had no prior "crimes of violence." This argument was rejected for reasons set forth in the Court's order denying Petitioner's § 2255 motion. After considering the argument once again, the Court finds no reason to believe that Petitioner's § 2255 claims could be decided any differently in any other court, including the Eighth Circuit Court of Appeals. The Court also finds nothing novel or noteworthy about any of Petitioner's claims that

warrants appellate review. Because Petitioner has not made a substantial showing of the denial of a constitutional right, he will not be granted a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability in this matter, (Docket Nos. 95 and 97), is DENIED.

Dated: September  16 , 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge
